UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1809-DOC (SP) | Date | March 14, 2017 |
|---|---|---|---|
| Title | MICHAEL R. SPENGLER v. LOS ANGELES COUNTY SHERIFFS, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | | |
|---|---|---|---|
| Kimberly I. Carter | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiff:             Attorneys Present for Defendant:

None Present                                  None Present

**Proceedings:** **(In Chambers) Order To Show Cause Why Request to Proceed Without Prepayment of Filing Fees Should Not Be Denied for Failure to Submit Trust Account Statement and Failure to Authorize Disbursements from Prison Trust Account**

Plaintiff's civil rights complaint in this case was filed on March 7, 2017. Plaintiff did not pay the filing fee, but instead filed a request to proceed in forma pauperis ("IFP"). This request is deficient for the following reasons.

First, plaintiff, an inmate at the Twin Towers Correctional Facility, failed to submit a certified copy of plaintiff's trust account statement for the last six months, as is required by 28 U.S.C. § 1915(a)(2) for prisoners seeking to bring a civil action without prepayment of fees. He offers some explanation of this, indicating his attempts to reach the trust office have been ignored. As such, if this were the only defect, it might be overlooked.

But plaintiff's IFP request is also deficient because plaintiff failed to authorize disbursements from his jail trust account to pay the full filing fee, as will be required if the IFP request is granted, under 28 U.S.C. § 1915(b). Plaintiff's failure to authorize such disbursements may be because plaintiff filed his IFP request on form CV-60, which is intended for non-prisoners. Plaintiff's IFP request should have been filed on form CV-60P, which contains a place for plaintiff to authorize disbursements.

Accordingly, the court hereby issues this ORDER TO SHOW CAUSE why plaintiff's application to proceed without prepayment of filing fees should not be denied for failure to submit a trust account statement and failure to authorize disbursements from his trust account. Plaintiff is ordered to respond to this Order to Show Cause on or before

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-1809-DOC (SP) | Date | March 14, 2017 |
|---|---|---|---|
| Title | MICHAEL R. SPENGLER v. LOS ANGELES COUNTY SHERIFFS, et al. | | |

**April 4, 2017**. To respond to the Order to Show Cause, plaintiff must do one of the following:

    1.    Plaintiff may resubmit a Request to Proceed without Prepayment of Filing Fees with Declaration in Support that includes the certificate of an authorized officer at plaintiff's current place of confinement and attaches a certified copy of plaintiff's trust account statement for the last 6 months in accordance with 28 U.S.C. § 1915(a)(2), and that also authorizes disbursements from his prison trust account. If plaintiff is unable to obtain a copy of his trust account statement, he may include a written response showing good cause for why he is unable to do so, but he must authorize disbursements from his trust account. A copy of this form (CV-60P) is enclosed for plaintiff's convenience.

    2.    Plaintiff may also submit a written response to this Order to Show Cause, addressing the issues raised herein.

    Plaintiff is cautioned that failure to respond to this Order to Show Cause as set forth above will result in the recommended denial of his application to proceed without prepayment of filing fees.