# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL R. SPENGLER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LOS ANGELES COUNTY SHERIFFS, et al.<br><br>　　　　Defendants. | Case No. CV 17-1809-DOC (SP)<br><br>**MEMORANDUM AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |

## I.
## INTRODUCTION

On March 7, 2017, plaintiff Michael R. Spengler, a state prisoner proceeding pro se, filed a complaint under 42 U.S.C § 1983. The complaint named various employees of the Los Angeles County Sheriff's Department ("LASD") as defendants, but included allegations concerning only one of the defendants, Deputy Moses, who apparently worked as a correctional officer at the Twin Towers Correctional Facility ("TTCF"), where plaintiff is currently housed. Plaintiff principally alleged defendant Moses retaliated against him for filing grievances and lawsuits.

On May 19, 2017, the Court issued an order addressing plaintiff's request to consolidate seven of the civil rights actions plaintiff has filed with this Court, including

this one. Plaintiff responded by consolidating many of the cases, but not the instant case. On June 29, 2017, after screening the complaint in this case, the Court dismissed the complaint with leave to amend.

Meanwhile, on June 22, 2017, plaintiff filed a motion for a temporary restraining order ("TRO") and preliminary injunction in this case. The next day, plaintiff filed a memorandum in support of the motion. It appears that plaintiff primarily asks the Court to enjoin the "bad faith" investigation and prosecution of plaintiff in his state criminal case. Plaintiff also seeks an order enjoining defendants from moving him to a different floor at TTCF, from retaliating against him, and from denying him access to the courts.

For the reasons set forth below, the Court lacks jurisdiction and must abstain from granting the injunctive relief plaintiff seeks. Accordingly, plaintiff's motion is denied.

## II.

## **DISCUSSION**

Plaintiff here seeks both a TRO and a preliminary injunction. "The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons it should not be required." Fed. R. Civ. P. 65(b)(1).

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (internal quotations marks and citation omitted). The plaintiff

bears the burden to establish that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008) (citations omitted). Alternatively, where there are merely "serious questions going to the merits," the moving party may still obtain a preliminary injunction where the balance of hardships "tips sharply" in the moving party's favor, and where the moving party also shows a likelihood of irreparable injury and that an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Court need not even reach the questions of likelihood of success on the merits and irreparable harm. The Court finds that it lacks jurisdiction to grant the injunctive relief plaintiff seeks, and must appropriately abstain from granting the primary relief sought in any event, for three reasons.

First, there is not currently an operative complaint in this case. As set forth above, the Court found the complaint subject to dismissal, and plaintiff has yet to file an amended complaint.

Second, the primary relief plaintiff seeks is, it appears, an order enjoining or in some way intervening in the pending criminal case against plaintiff in state court to stay the "bad faith" prosecution of plaintiff and prevent any investigation of plaintiff at TTCF through the use of informants. Plaintiff previously sought to bring claims in this Court seeking similar relief, in case numbers CV 17-450-DOC (SP), CV 17-3078-DOC (SP), and CV 17-4100, all of which the Court dismissed when denying his request to proceed without prepayment of filing fees, finding, inter alia, the claims subject to abstention under the *Younger* Abstention Doctrine. The Court will likewise abstain from granting the primary injunctive relief plaintiff seeks here.

In *Younger v. Harris*, the Supreme Court held that a federal court was prohibited from enjoining a state criminal proceeding without a valid showing of "extraordinary circumstances" that warrant federal intervention. *Younger v. Harris*, 401 U.S. 37, 43-54, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). Under the *Younger* Abstention Doctrine, federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). *Younger* abstention is appropriate when: (1) the state court proceedings are ongoing; (2) the proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise the constitutional claims. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S. Ct. 2515, 73 L. Ed. 2d 116 (1982); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Plaintiff does not dispute that the basic *Younger* elements are met here; he seeks to enjoin an ongoing state criminal prosecution in which he may raise the same bad faith arguments he raises here. Rather, plaintiff argues he qualifies for an exception from *Younger* because he is being subjected to a retaliatory bad faith prosecution. The Supreme Court has held, "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate." *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S. Ct. 674, 27 L. Ed. 2d 701 (1971) (citations omitted). Although plaintiff alleges bad faith prosecution here, he has made no showing at this point that state officials have no hope of obtaining a valid conviction, much less proven the prosecution is undertaken in bad faith for purpose of harassment or retaliation. As such, this Court must abstain.

Third, even if the Court had not found the complaint subject to dismissal, the

complaint as filed did not – except with certain limited exceptions – give this Court jurisdiction to grant the relief plaintiff seeks.  It is well established that a federal court may issue an injunction only "if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."  *Zepeda v. United States Immigration and Naturalization Serv.*, 753 F.2d 719, 727 (9th Cir. 1985); *see also In re Rationis Enters., Inc. of Panama*, 261 F.3d 264, 267 (2d Cir. 2001) ("requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception") (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998) (internal quotation marks omitted)).  Accordingly, "[u]nder Federal Rule of Civil Procedure 65(d), an injunction binds only 'the parties to the action, their officers, agents, servants, employees, and attorneys, and . . . those persons in active concert or participation with them.'"  *Zepeda*, 753 F.2d at 727; *see also Citizens Alert Regarding the Env't v. United States Envtl. Prot. Agency*, 259 F. Supp. 2d 9, 17 n.7 (D.D.C. 2003), *aff'd*, 102 Fed. App'x 167 (D.C. Cir. 2004) (a district court is "powerless to issue an injunction against" an entity that is "not a party to [the] action"); *Gilchrist v. Gen. Elec. Capital Corp.*, 262 F.3d 295, 301 (4th Cir. 2001) ("any injunction entered against individuals is an *in personam* action that may be enforced against individuals only over whom the court has personal jurisdiction," unless the individuals "could be shown to have been 'in active concert or participation with' parties over whom the court ha[s] jurisdiction" (citations omitted)).

      Here, plaintiff asks the court to order that he be kept on TTCF floor 232, that jail staff stop harassing him, and that he be granted access to free postage for use of his legal mail in compliance with jail policy, as well as an order enjoining the state criminal prosecution.  In order to grant plaintiff's desired relief here, the Court must be

able to exercise jurisdiction over a party who could carry out the Court's injunctive order. But even if the Court were not obligated under *Younger* to abstain from intervening in the state criminal prosecution, neither the Superior Court nor the District Attorney is a named defendant, and thus there is no named defendant who could carry out an order enjoining the state prosecution. Likewise, there is no indication that Deputy Moses or any of the other LASD employees named in the complaint has the authority to decide where plaintiff is housed at TTCF. The Court could, of course, order the named defendants not to harass plaintiff, had the complaint in which they are named not been dismissed with leave to amend. Similarly, if not dismissed the Court could order the named defendants to give plaintiff free legal postage, but there is no indication that the named defendants are those who have denied him postage.

In sum, there is no pending operative complaint, and even if there were, the Court must abstain from granting the primary relief plaintiff seeks, and would lack jurisdiction to grant much of the other relief plaintiff seeks.

## III.

## **ORDER**

IT IS THEREFORE ORDERED that plaintiff's motion for a TRO or preliminary injunction (docket no. 27) is DENIED.

DATED: June 30, 2017

_____
HONORABLE DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

Presented by:

_____
Sheri Pym
United States Magistrate Judge

6